THE CITY OF BLOOMINGTON

v.

OWEN T. REEVES et al.

*Opinion filed December 21, 1898.*

1. APPEALS AND ERRORS—*city may appeal from assessment proceeding instituted under act of 1897.* By virtue of section 123 of the act on courts, as amended in 1881, (Laws of 1881-82, p. 66,) and section 89 of the Practice act, a city may appeal from the final judgment of the county court in an assessment proceeding instituted under the Local Improvement act of 1897, (Laws of 1897, p. 101,) although no right of appeal by the city is authorized by the latter act.

2. PUBLIC IMPROVEMENTS—*action of improvement board is not conclusive of the sufficiency of the petition.* The action of an improvement board on the property owner's petition for an improvement, required by the act of 1897, is not conclusive of the sufficiency of such petition, but only *prima facie* evidence that the requirements of the law have been observed, and any willful or substantial departure may be availed of by the owner. (Laws of 1897, sec. 9, p. 105.)

3. SAME—*section 7 of act of 1897 construed.* Section 7 of the Local Improvement act of 1897, providing that the improvement board shall have power "to originate a scheme for any local improvement, to be paid for by special assessment or special tax, either with or without a petition," applies only to cities having a population of 25,000 or more, as in such case no petition signed by a majority of the property owners is essential to the passage of the ordinance.

4. SAME—*section 4 of the act of 1897 construed.* Under section 4 of the Local Improvement act of 1897 an ordinance for a continuous pavement on two streets at right angles to each other must, in cities having less than 25,000 inhabitants, be based on a petition to the improvement board, signed by the owners of a majority of the frontage in every contiguous block on each street, a majority of the frontage on the entire improvement not being sufficient.

5. SAME—*insufficiency of petition as to part of an entire improvement invalidates the ordinance.* Where the petition to the improvement board for a continuous pavement on two streets at right angles to each other is not signed by the owners of a majority in every contiguous block on one of such streets it is insufficient, and an ordinance based thereon cannot be sustained even as to the other street, although the petition as to it is properly signed, if there is nothing to show the improvement of each street is separate.

APPEAL from the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding.

177—11

WILLIAM R. BACH, (SIGMUND LIVINGSTON, and J. J. THOMPSON, of counsel,) for appellant:

The board of local improvements is a *quasi* judicial body when sitting as a board, by virtue of section 8 of the Special Assessment act of 1897, and its decision in regard to the sufficiency of the petition in this case, and other preliminary matters, is final. *Kirchman* v. *Railway Co.* 58 Ill. App. 515; *People* v. *Hagar*, 52 Cal. 182; *Spaulding* v. *Homestead Ass.* 87 Cal. 40.

There need be no special finding by said board as to the sufficiency of the petition. The fact that they went ahead with the improvement is sufficient. *Stoddard* v. *Johnson*, 75 Ind. 31.

The mere fact that the improvement in question in this case is constructed on parts of two streets does not make it two separate improvements, and consequently invalid. Nor would it, when constructed on parts of streets, require a petition with the names of persons owning a majority of the property fronting on the proposed improvement on each street, alley or other public place, but it would be sufficient if the petition contained the names of persons owning a majority of the property abutting on the entire improvement. *Stoddard* v. *Johnson*, 75 Ind. 20.

An ordinance for a single improvement may be void in part and valid as to part. *Wilbur* v. *Springfield*, 123 Ill. 395.

JOHN E. POLLOCK, ROWELL, NEVILLE & LINDLEY, C. RAYBURN, and OWEN T. REEVES, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of McLean county denying an application for the confirmation of a special tax levied to pay the cost of paving and grading certain streets in the city of Bloomington. The proceeding was instituted under the act of June 14, 1897. (Laws of 1897, p. 102.) The appellees have entered

a motion to dismiss the appeal on the ground the statute does not authorize the city of Bloomington to appeal.

The only provisions found in the above act, in case of special assessment or special tax, relating to appeals, are found first in the last clause of section 47, which declares: "The determination of the court as to the correctness of the distribution of the cost of the improvement between the public and the property to be assessed shall be conclusive, and not subject to review on appeal or writ of error." And in the first clause of section 56: "The judgments of the court shall be final as to all the issues involved, and the proceedings in said cause shall be subject to review by appeal or writ of error as hereinafter provided, and not otherwise." And section 95: "Appeals from final judgments or orders of any court made in the proceedings provided for by this act may be taken to the Supreme Court of this State, in the manner provided by law, by any of the owners or parties interested in lands taken, damaged or assessed therein, and the court may allow such an appeal to be taken jointly, and upon a joint bond, or severally and upon several bonds, as may be specified in the order allowing the same."

It is apparent that there is no provision of the act which authorized the city, when it happened to be defeated in the county court, to appeal, and if the right of appeal depended solely on the act under which the proceeding was instituted, then the appeal could not be maintained. But we do not think that the right of the city of Bloomington to appeal depends on the act. Section 213 of the act relating to courts (Hurd's Stat. 1897, p. 527,) provides: "Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court or Appellate Court in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer

and forcible entry and detainer." (See, also, sec. 89, chap. 110, p. 1217.) These sections of the statute, which expressly allow either party an appeal in a case like the one under consideration, have never been repealed, and under them the city of Bloomington had the right of appeal. If the legislature had intended to cut off all right of appeal on behalf of a city where it was defeated in the county court, these two sections of the statute doubtless would have been modified or repealed. This not having been done, it will be presumed the legislature intended to preserve the right of appeal in the city as it existed heretofore. The motion to dismiss the appeal will be denied.

The first section of the ordinance under which the proceeding was instituted provided "that Chestnut street, in said city, from the west line of Center street to the west line of West street, and West street from the north line of Chestnut street to a line twelve feet north of and parallel with the south line of Seminary avenue, be prepared for a brick pavement of two courses of brick and a stone curbing, and be graded and paved as hereinafter provided." Upon petition filed by the city of Bloomington in the county court a commissioner was duly appointed to make assessment of a special tax against the property abutting on the proposed improvement. The tax was assessed, and appellees filed objections to the confirmation of the special tax.

The points raised by the objectors, as we understand the record, were: First, that the estimate furnished by the city engineer to the board of local improvements was defective and insufficient; and second, that the original petition of property owners for the improvement did not contain the names of persons owning a majority of the frontage on that part of the proposed improvement on Chestnut street, and on account of this failure the city had no power to pass the ordinance. The court overruled the first objection and sustained the second objection, holding, in substance, that it was necessary, in cities

of less than 25,000 inhabitants, in order to give the court jurisdiction, that the petition to the board of local improvements for the proposed improvement must contain the names of persons owning a majority of the frontage of property abutting on the proposed improvement on Chestnut street and also a majority of frontage on West street.    The city of Bloomington contends that the ruling of the county court was erroneous. ·

A correct solution of the questions presented by the record depends upon the construction to be placed upon certain provisions of the act of June 14, 1897, entitled "An act concerning local improvements."    It is conceded in the argument that the petition contained the names of persons owning a majority of the property abutting on those parts of both streets upon which the proposed improvement is to be constructed, but did not have the names of parties owning a majority of feet fronting on that part of the improvement on Chestnut street.    The question then presented is, whether it was intended by the act that the petition to be presented to the board of local improvements must contain a majority of frontage on every contiguous block on each street upon which the improvement is to be constructed, or whether the legislature intend that the petition should only contain a majority of frontage on the entire improvement.

Section 4 of the act provides: "When any such city, village or town shall, by ordinance, provide for the making of any local improvement, it shall by the same ordinance prescribe whether the same shall be made by special assessment or by special taxation of contiguous property, or general taxation, or both.    But in cities, towns or villages having a population of less than 25,000, ascertained as aforesaid, no ordinance for making any local improvement shall be adopted unless the owners of a majority of the property in any one or more contiguous blocks abutting on any street    *    *    *    shall petition for such local improvement."

The city of Bloomington contained a population of less than 25,000 inhabitants, as shown by the last preceding census of the United States, and unless section 4 of the statute is to be given a construction different from what the language used plainly imports, we think it is clear that the city council had no power to pass the ordinance unless the owners of a majority of the property in any one or more contiguous blocks abutting on the street first petitioned for the improvement. No such petition was ever presented. If the legislature had intended that an ordinance should be enacted upon a petition of the owners of a majority of the property abutting upon the line of such local improvement, appropriate language would have been used to express that intention. Under the section of the statute the blocks must not only abut on a street, but they must be contiguous blocks on that street. The word "contiguous," as used in the statute, as we have held, is to be understood in its popular sense, as meaning in actual or close contact, touching, etc. (*Adams County* v. *City of Quincy*, 130 Ill. 566.) The section was no doubt enacted for the purpose of affording protection to the property owners in a block on the line of a proposed improvement, and where the consent of a majority of the property owners in a block on the line of the proposed improvement could not be obtained the tax should not be imposed. The section was no doubt enacted to correct abuses which existed under the old Special Assessment act, and it should receive a construction which carries out the intent with which it was enacted.

It is, however, suggested in the argument that under section 8 of the act the sufficiency of the petition was a question to be passed upon by the board of local improvements, and the action of that board should be final. Section 7 provides: "All ordinances for local improvements, to be paid for wholly or in part by special assessment or special taxation, shall originate with the board of local improvements. Petitions for any such public improve-

ment shall be addressed to said board." The section also provides for notice of a hearing. Section 8 provides for a hearing before the board, and after the hearing, "if the said proposed improvement be not abandoned, the said board shall cause an ordinance to be prepared therefor, to be submitted to the council or board of trustees, as the case may be." Section 9 provides that the board shall present with the ordinance a recommendation of the improvement, and that the recommendation "shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court it shall not affect the validity of the proceedings unless the court shall deem the same willful or substantial."

There is nothing to be found in section 8 which shows an intention of the legislature that the action of the board should be final or conclusive on the sufficiency of the petition. On the other hand, as has been seen, it is expressly provided by section 9 that the action of the board shall not be final, but only *prima facie* evidence that all the preliminary requirements of the law have been observed. Where, however, there has been a willful or substantial departure from the requirements of the law, such departure may be availed of by the property owner. Nor is there anything in section 7 of the act which supports the view of appellant. That section, among other things, provides that all ordinances for local improvements shall originate with the board of local improvements; that petitions for such improvements shall be addressed to said board; that the board shall have the power to originate a scheme for any local improvement, either with or without a petition, etc. We find no provision of the act which requires a petition signed by the owners of a majority of the property to be presented before the council can pass an ordinance for a local improvement in cities of a population of 25,000 or more. The requirement applies only to smaller cities. That clause of section 7, *supra*, which

says the board may originate a scheme for any local improvement, either with or without a petition, evidently means that the board may originate a local improvement with a petition where one is required by the act and without a petition where none is required, as suggested in the brief of appellees. Here a petition, signed as provided by the statute, was required, and the city council had no authority to pass an ordinance providing for the improvement in the absence of a proper petition.

It is, however, suggested in the argument, that if the petition was insufficient as to Chestnut street on account of not being signed by the owners of a majority of the property on any one or more contiguous blocks abutting on the street, as the same defect did not exist as to that part of the improvement on West street, appellant was entitled to a judgment confirming the special taxes on that part of the improvement on West street. We do not concur in that view. From an examination of the ordinance providing for the improvement it is apparent that one improvement, and only one, was contemplated. True, the improvement embraces a part of two streets; but it is not a distinct and separate improvement on each. The framers of the ordinance had but one single object in view,—the construction of a pavement on portions of two streets. There is nothing to indicate a separation of the improvement into distinct parts.

We fully recognize the rule applicable to by-laws and ordinances, that if a provision relating to one subject matter be void and as to another valid, and the two are not necessarily or inseparably connected, it may be enforced as to the valid portion as if the void part had been omitted, as held in *Wilbur* v. *City of Springfield*, 123 Ill. 395; but where the act or thing provided for is indivisible, as is the case here, if void in part it must fail as a whole.

The judgment of the county court will be affirmed.

*Judgment affirmed.*