THOMAS J. PATTERSON *et al.*

*v.*

THE CITY OF MACOMB.

*Opinion filed April 17, 1899.*

1. PUBLIC IMPROVEMENTS—*petition to board need not specifically describe improvement.* A petition by property owners for the construction of "a ten (10) inch pipe sewer" is sufficient in its description, as the estimate of the cost of the improvement is not based upon the petition, but upon the resolution of the board of local improvements describing the proposed improvement.

2. SAME—*petition must be signed by majority in each contiguous block.* Under section 4 of the Local Improvement act of 1897, (Laws of 1897, p. 103,) an ordinance for a local improvement in cities of less than 25,000 inhabitants cannot be passed except upon the authority of a petition to the board signed by the owners of a majority of the property in each contiguous block of the improvement. (*City of Bloomington* v. *Reeves*, 177 Ill. 161, followed.)

WRIT OF ERROR to the County Court of McDonough county; the Hon. W. W. MELOAN, Judge, presiding.

ELTING & CAMP, for plaintiffs in error:

In cities, towns and villages having a population of less than 25,000 no ordinance for making any local improvement shall be adopted unless the owners of a majority of the property in any one or more contiguous blocks abutting on any street, alley, park or public place shall petition for such local improvement. Laws of 1897, p. 103, sec. 4.

Where the consent of a majority of the property owners in a block on the line of the proposed improvement is not obtained the tax should not be imposed. *Bloomington* v. *Reeves*, 177 Ill. 161.

In cities of less than 25,000 inhabitants, a petition for a local improvement to the board of local improvements, being the basis of a valid assessment under the laws of 1897, which fails to so describe the nature and character

of the improvement as to admit of an intelligent estimate
of its cost, but leaves the nature and character of the
improvement largely to the board of local improvements,
is not sufficient, and is void. *People* v. *Hurford*, 167 Ill. 226.

W. W. TUNNICLIFF, for defendant in error:

The object of the statute requiring the nature, char-
acter and description of the improvement to be specified
in the ordinance is, that the committee appointed for that
purpose may make an intelligent estimate of the cost of
the work. The statute does not require that the ordi-
nance shall set forth the details and all particulars of
the work. *Barber* v. *Chicago*, 152 Ill. 37.

A petitioner who makes a *prima facie* case in accord-
ance with section 49 of the act on local improvements
(Laws of 1897, p. 119,) is entitled to judgment of confir-
mation, in the absence of testimony overcoming the same.
*Porter* v. *Chicago*, 176 Ill. 605.

It is incumbent upon the party filing objections to
sustain them by proof, unless they appear in the record.
*Enos* v. *Springfield*, 113 Ill. 74.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiffs in error seek reversal of the judgment
of the county court of McDonough county confirming the
assessment of a special tax levied under an ordinance of
the city of Macomb providing for the construction of a
pipe sewer in Jackson street, in that city. The city of
Macomb has less than 25,000 population. The proceedings
for the improvement were under the provisions of the
act entitled "An act concerning local improvements," ap-
proved June 14, 1897. (Laws of 1897, p. 101; Hurd's Stat.
1897, p. 356.

The description of the improvement as given in the
petition of the property owners is, "a ten (10) inch pipe
sewer." It is urged the description is so uncertain, indefi-
nite and insufficient that an intelligent estimate of the

cost of constructing the improvement could not be made, and that for that reason the petition is void. Rulings of this court in various cited cases as to the sufficiency of the description of "the nature, character, locality and description of the improvement" in ordinances involved in such cases are not applicable. The estimate of the cost of the improvement is not based upon the description thereof in the petition. The act of 1897 creates a "board of local improvements," and provides all ordinances for the making of a local improvement to be paid for by special tax or by special assessments shall originate with that board. The board may not, in cities, villages and towns having a population of less than 25,000, originate such ordinances of its own motion, but, in obedience to the provisions of section 4 of the act, must be moved to such action by a petition presented by the owners of property who desire a local improvement to be made and to be paid for by special taxation or by special assessments. Such a petition is but a preliminary step provided by the statute in order to enable citizens to secure action on the part of the board, if desired, and to vest the board with power to act. Section 7 of said act empowers the board to "originate a scheme for" such improvements in all cities, towns and villages, whether acting of its own motion, as it may in cities having a population of 25,000 or more, or upon a petition in the smaller class of municipalities, and requires the board shall in either case adopt a resolution describing the proposed improvement, and to cause an estimate of the cost thereof to be made in writing by the public engineer, (or by the president of the board, if there be no public engineer,) over his signature, and which shall be itemized to the satisfaction of said board, and it further provides the resolution describing the improvement and the itemized estimate of its cost shall be spread at large on the record of the proceedings of the board. The estimate, it will be observed, is not upon the averments of the petition,

but upon the description of the improvement incorporated in the resolution adopted by the board. The petition in the case at bar indicated in a general way the nature and locality of the improvement desired, and it was not necessary for any purpose the petition was designed to serve, it should have been more specific.

An objection was, however, presented to the petition which should have been sustained. It was, that it "was not signed by the owners of a majority of the property contiguous to said improvement." Section 4 of the act provides no ordinance for any local improvement in a municipality having less than 25,000 inhabitants "shall be adopted unless the owners of a majority of the property in any one or more contiguous blocks abutting on the street, alley, park or public place shall petition for said improvement." We held in *City of Bloomington* v. *Reeves,* 177 Ill. 161, the proper construction of said section 4 in the respect under consideration is, that the owners of a majority of the property in each block contiguous to the proposed improvement should sign the petition. While a majority of the owners of all the property contiguous to the improvement might not be sufficient for the reason such might not include a majority in each block, yet it is manifest a majority in each block must include a majority along the entire line of the improvement. Hence the objection that the petition did not contain the signatures of the owners of a majority of the property contiguous to the improvement was sufficient to warrant the court to consider any evidence produced without objection which tended to show the petition did not contain the signatures of a majority of the owners of the property in particular blocks. It appeared from the proof, block 21, original town, was not represented upon the petition by the signature of the owner or owners of any part thereof. The same is true as to block 51, Western addition. The owners of the majority of the property in blocks 52 and 56, Western addition, do not appear as petitioners, as was

disclosed by the proof.   The petition did not clothe the board of local improvements with jurisdiction and power to act.

It was error to overrule this objection, and for this error the judgment must be and is reversed and the cause remanded.                         *Reversed and remanded.*