F. M. BLOUNT

v.

THE PEOPLE ex rel. Raymond, County Treasurer.

*Opinion filed December 20, 1900—Rehearing denied February 7, 1901.*

1. SPECIAL ASSESSMENTS—*confirmation cannot be collaterally attacked except for want of jurisdiction.* Judgment confirming a special assessment cannot be collaterally attacked except for matters going to the jurisdiction of the court in entering the judgment.

2. SAME—*when defective description in an ordinance is not a defense on application for sale.* A defective or erroneous description in an assessment ordinance is not a defense upon application for judgment of sale unless of such a character as to render the ordinance void, as where the ordinance wholly fails to specify the nature, character, locality and description of the improvement.

MAGRUDER, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM E. O'NEILL, for appellant.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an application for judgment for sale by Samuel B. Raymond, treasurer and *ex officio* collector of the county of Cook, for the delinquent second installment of a special assessment levied and assessed by the authority of the city of Chicago, by virtue of an ordinance passed by the city council of said city, and approved by the mayor on the 22d day of June, A. D. 1896, said ordinance being for the improvement of Clifton Park avenue from the south line of Douglas Park boulevard to the north line of Ogden avenue. To the application for judgment for sale appellant filed various objections, among others the following: (6) "Because said ordinance is ille-

gal, void and of no effect whatever." (7) "Because the Supreme Court of Illinois, in the matter of *George Newkirk et al.* v. *The City of Chicago*, reported in the 180th Ill. at page 142, has declared said ordinance under which said special assessment was levied, to be illegal, void and of no effect, and has set said special assessment aside."

In the case of *Newkirk* v. *City of Chicago*, *supra*, which was a writ of error to the county court of Cook county, we reversed a judgment of that court confirming a special assessment on the ground that the ordinance (which was similar to this ordinance) failed to state the height of the curb required to be constructed on each side of the street. That was a direct proceeding to reverse the judgment, while this attack is collateral. A judgment of confirmation of a special assessment cannot be collaterally attacked except for matters going to the jurisdiction of the court in entering the judgment. *Steenberg* v. *People*, 164 Ill. 478; *People* v. *Lingle*, 165 id. 65; *Gross* v. *People*, 172 id. 571; *Rich* v. *City of Chicago*, 187 id. 396.

A defective or erroneous specification in an ordinance is not a defense on an application for judgment of sale, unless of such a character as to render the ordinance void. In this case, while the ordinance is defective it is not void. The court had jurisdiction to render the judgment of confirmation, and when attacked collaterally, as it is here, it will be sustained. In the case of *Gross* v. *People*, *supra*, we say (p. 573): "The rule is, that unless there is a total failure to include in an ordinance the necessary element of a specification of the nature, character, locality and description of the improvement required by the statute, the mere fact that the specification is defective in some respects will not be a defense on the application for judgment on the delinquent list." And in *Foster* v. *City of Alton*, 173 Ill. 587 (on p. 592): "If the assessment is not questioned in the direct proceeding and there is a description of the improvement in the ordinance, although loose or defective in some particulars,

it does not render the ordinance a nullity, and the judgment of confirmation is not subject to collateral attack."

We find no error in this record. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.