JOSIAH CRATTY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1905.*

1. SPECIAL ASSESSMENTS—*whether original proceeding is undisposed of is a question of fact.* Upon application to confirm a new assessment, the question whether or not the original confirmation proceeding is still pending and undisposed of is one of fact, to be shown by the evidence.

2. SAME—*when an objector is estopped to urge that proceeding was pending.* One who states in his objections to the confirmation of a new assessment that "the original proceedings were not pending in any manner in any court" when the Improvement act of 1897 came into effect, is estopped to urge, on appeal, that the original proceeding was pending in court at that time.

3. SAME—*when an assessment cannot include interest.* If the vouchers issued by a city to a contractor are non-interest bearing, the city has no authority, in making a special assessment to pay the unpaid vouchers, to include an amount for interest on the same.

4. SAME—*when including interest renders assessment ordinance void.* If the preamble of an ordinance to levy a special assessment to pay non-interest bearing vouchers shows on its face that the assessment illegally includes an amount to pay the interest on such vouchers but the ordinance nowhere discloses what that amount is, the ordinance must be held void as an entirety, because the legal and illegal portions of the assessment cannot be ascertained and severed. (*City of Chicago* v. *Hulbert,* 205 Ill. 346, distinguished.)

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

GEORGE W. WILBUR, for appellants.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROB'T REDFIELD, of counsel,) for appellee.

Per CURIAM: The city of Chicago sought to pave Diversey avenue from Milwaukee avenue to Crawford avenue, in that city, by special assessment. The original judgment of

confirmation was reversed and the cause was remanded by this court in *Boyd* v. *City of Chicago,* 187 Ill. 115. Thereafter, the pavement in the meantime having been constructed, the city of Chicago, by virtue of an ordinance passed in November, 1901, filed a petition in the county court of Cook county for the purpose of having a new assessment made to obtain the unpaid amount due on the cost of the improvement. A trial was had in that court upon objections filed by property owners, and the objections were sustained and a judgment rendered against the petitioner, whereupon the city prayed an appeal, and the judgment of the county court was reversed and the cause remanded in *City of Chicago* v. *Hulbert,* 205 Ill. 346. Upon the case being re-docketed in the county court, the petitioner, on March 23, 1904, dismissed its petition for a new assessment, and shortly thereafter, by virtue of an ordinance passed March 29, 1904, filed a second petition for a new assessment, seeking again to obtain the unpaid balance of the cost of the improvement. That assessment was spread, and certain property owners filed their objections to the confirmation thereof. A trial was had before the court and a jury, a judgment confirming the assessment was entered, and from that judgment certain property owners now appeal to this court.

The original judgment of confirmation was reversed in *Boyd* v. *City of Chicago, supra,* for the reason that the ordinance in that case provided that the curb-stones should be firmly bedded on "flat stones," which were not otherwise described in the ordinance, and it is now urged, on the authority of *Holden* v. *City of Chicago,* 212 Ill. 289, that the present proceeding was improvidently begun for the reason that the original proceeding is still pending and undisposed of. Whether the original proceeding has been disposed of is a question of fact. In *Holden* v. *City of Chicago, supra,* it was shown that the original proceeding was pending. There is no such evidence here.

It is also urged that the present proceeding should have been brought under the statute of 1872, and not under the statute of 1897, for the reason that proceedings for the collection of the original assessment were pending when the latter act became effective, and that under a saving clause contained in such latter act the proceeding for the new assessment should have been under the act in force prior to July 1, 1897. In the objections filed by appellants in the county court it is stated that the original proceedings "were not pending in any manner in any court" when the statute of 1897 came into force. Having made such a statement in their objections, they will not be permitted to now insist in this court that the original proceeding was pending on July 1, 1897. It is true that in *City of Chicago* v. *Hulbert, supra,* it was stated, as a matter of fact, that the original cause was pending on July 1, 1897. That statement was no doubt based on evidence found in the record then under review. No such evidence is preserved in the record now before us.

The unpaid vouchers issued by the city to pay for the improvement now under consideration were non-interest bearing. The preamble to the ordinance under which the first proceeding for a new assessment was brought recited that there was a balance of $8828.06 of principal and $1324.20 of interest unpaid. This court held in *City of Chicago* v. *Hulbert, supra,* that there was no authority in law for paying interest on the vouchers, but that as the ordinance specified the amount of money necessary for paying the principal and the amount necessary for paying the interest, it was unnecessary to declare the whole ordinance void, and that under section 52 of the Local Improvement act, the court had authority to modify and change the assessment by refusing to confirm that portion of it which was sought to be collected to pay interest, and confirm it as to the amount that was legally due upon the vouchers. It was not there held that the ordinance would have been entirely void had it been impossible to separate principal from interest by an inspec-

tion of the ordinance. That question was not then before the court.

The preamble to the ordinance now before us recites that the city of Chicago has delivered to the contractor interest-bearing vouchers and improvement bonds in the aggregate amount of the cost of the improvement, "of which there now remain outstanding and unpaid the amount of $11,-886.05," and the ordinance itself finds that the unpaid balance of the cost of the improvement is $11,886.05. We think this ordinance is obnoxious to the same objection that was successfully made to the one considered in *City of Chicago v. Hulbert, supra.* The preamble recites that the vouchers were interest-bearing, and that "the amount" unpaid is $11,886.05. In speaking of interest-bearing obligations the word "amount" is ordinarily used to designate the total of principal and interest. Counsel for appellee state that the averment in the preamble to the effect that the vouchers bore interest was a clerical error and should be given no weight in view of the fact that the ordinance itself states that the total amount specified in the preamble was the unpaid balance of the cost of the improvement. So far as the language of the ordinance itself is concerned, it is identical with that of the ordinance considered in *City of Chicago v. Hulbert, supra,* except that in the present ordinance the amount is about $1700 greater than in the former, and it is conceded that the former ordinance according to its terms included interest; but it is said that the present does not, and this is explained by the statement of counsel for appellee, that the amount fixed in the preamble to the earlier ordinance as the amount of principal unpaid was by mistake stated at a sum much less than the sum which was actually unpaid. We have examined this record in vain for any evidence showing that the recital in the ordinance now before us, that the vouchers were interest-bearing, is a clerical error, or that the increased amount in the present ordinance does not include interest, or results from any such mistake as is claimed by appellee.

The only conclusion that can be drawn from the ordinance and its preamble is that it does include interest on the vouchers, and to that extent the assessment is for too great an amount.

Appellants' objection No. 21 was, that the ordinance was illegal and void because it provided for the collection of interest. This objection was well taken. In *City of Chicago* v. *Hulbert, supra,* the ordinance, in the preamble thereof, disclosed that the assessment was to pay both principal and interest, and stated the amount necessary to be assessed for the purpose of paying the principal and the amount necessary for the payment of interest. In the body of the ordinance the total amount of the assessment was stated. We treated the preamble as a part of the ordinance, and held that the ordinance, as an entirety, should not be deemed void, but that confirmation might be refused as to the amount shown by the preamble that was sought to be collected for interest. The ordinance was not declared void as an entirety, for the reason, as we expressly stated, "that as the amounts are expressly stated by the ordinance itself, so that the portion that is void or the amount which is levied without authority can be ascertained by an inspection of the ordinance, it is unnecessary to declare the whole ordinance void on that account." (*City of Chicago* v. *Hulbert, supra,* p. 364.) The ordinance in the case at bar discloses that the assessment is levied to produce a fund to be used in paying both interest and principal, but does not disclose, either in the preamble or the body thereof, the amount of either interest or principal.

The adoption of an ordinance is a legislative act and not within the judicial function to perform. The court will carefully consider the entire ordinance to discover the legislative intent, and will give that intent effect so far as it is valid. If it is in part invalid, and that part is distinct and separable and so independent that it can be rejected, leaving the valid portion capable of execution, the ordinance will be

upheld so far as it is valid. If that which is invalid is not so distinct, severable and independent, the entire ordinance must fall. In determining as to the ordinance here in question, resort could not be had to extrinsic testimony to show that the total amount set forth in the body of the ordinance was composed of distinct sums of principal and interest, and the ordinance sustained and executed as to the amount of such principal. That would be to revise and supplement the work of the legislative body, which is entirely beyond the judicial power of construction. The ordinance provides for the assessment of a sum in gross. A portion of such sum is illegal and the illegal portion cannot be dissevered. The ordinance is therefore void, and being void it could not be the basis of a valid judgment of confirmation.

The judgment is therefore reversed.

*Judgment reversed.*