(No. 37930.

THE VILLAGE OF NILES, Appellant, *vs.* CHICAGO TITLE AND TRUST COMPANY *et al.*, Appellees.

*Opinion filed March 18, 1964.—Rehearing denied May 19, 1964.*

GEORGE P. LATCHFORD and JAMES G. GEOGARIS, both of Chicago, for appellant.

LAWLOR, WALSH & SULLIVAN, DODD, EDMUNDS & MACK, THOMAS COMPERE, and WARREN L. SWANSON, all of Chicago, and NORMAN E. JACOBSEN, of Franklin Park, (EDWIN D. LAWLOR and BERLE SCHWARTZ, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

On February 14, 1962, the village of Niles filed a petition in the superior court of Cook County to levy a special assessment for storm sewers. Objections were filed by some of the parties assessed, on the ground that the ordinance upon which the assessment was based did not describe a local improvement and that property outside the village would be benefited. The court found the improvement was not a local improvement and dismissed the petition. A subsequent motion by the village to vacate the order and grant a new hearing was denied, and the village has appealed directly to this court.

Advanced as grounds for this court's jurisdiction on direct appeal are section 140 of division 2 of article 9 of the Municipal Code, section 123 of the County Courts Act, and certain unspecified objections said to challenge constitutionality of the ordinance. Section 9—2—140 of the Municipal Code provides that "Appeals from final judgments or orders of any court made in the proceedings provided for by this Division 2, may be taken to the supreme court of this state in the manner provided in other civil cases, by any of the owners or parties interested in land taken, damaged, or assessed therein." (Ill. Rev. Stat. 1961, chap. 24, par. 9—2—140.) Under this

section the only persons who may appeal are the owners of the lands or parties interested therein. No authority is provided for an appeal by the municipality. *City of Chicago* v. *Hulbert*, 205 Ill. 346; *City of Bloomington* v. *Reeves*, 177 Ill. 161.

Section 123 of the County Courts Act provides that "Appeals may be taken and prosecuted from the final orders, judgments and decrees of the county court to the supreme court, or appellate court, in proceedings for the confirmation of special assessments, * * ." (Ill. Rev. Stat. 1961, chap. 37, par. 295.) Since the present proceedings were brought not in the county court but in the superior court, it is clear that this section can have no application.

The remaining ground alleged to afford jurisdiction is equally absent. The constitution says "The general assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements * * *." (Art. IX sec. 9.) There is no contention here that the General Assembly has improperly exercised this vesting power. The only issue is whether the improvement is a local one within the meaning of the Local Improvement Act. Ill. Rev. Stat. 1961, chap. 24, par. 9—1—1 *et seq.*

Where the complaint is merely that the power has been exercised without legislative authority, no attack being made on the statute itself, direct review cannot be had merely because parties affected call it "unconstitutional". The issue in such a case is simply whether the municipality's actions are *ultra vires*. This involves nothing more than construing and applying the statute.

Since the statute allows no right of appeal, the appeal is dismissed.

*Appeal dismissed.*