JAMES O. PIPHER

*v.*

THE PEOPLE *ex rel.* Gannaway, County Collector.

*Opinion filed December 18, 1899—Rehearing denied February 8, 1900.*

SPECIAL ASSESSMENTS—*objection to sufficiency of petition not avail-
able on application for sale.* An objection that an improvement peti-
tion did not have sufficient signers may be made on application to
confirm but cannot be first urged on application for judgment of
sale, if the confirmation proceeding is regular in all respects.

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

A. J. FRYER, S. S. ANDERSON, CHARLES C. LEE, and W. E. ADAMS, for appellant.

EMERY ANDREWS, State's Attorney, AL RAY, and J. H. MARSHALL, (NEAL & WILEY, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Coles county applied to the county court for judgment and order of sale of lots of appellant in the city of Charleston, delinquent as to a special assessment levied thereon for grading a street and curbing and paving the same with brick. Appellant appeared and resisted the application. The proceedings in the county court in confirmation of the assessment were offered in evidence and were regular in all respects. Jurisdiction of the subject matter and of the persons interested was regularly acquired, and the assessment was confirmed without objection. Charleston is a city of less than twenty-five thousand inhabitants, so that a petition for an improvement is required, and appellant offered to prove that the owners of a majority of the property in certain blocks abutting on the improvement did not sign the petition therefor. The court refused to permit him to attack the judgment of confirmation in that manner, to which ruling of the court he excepted. Judgment was entered and the lots were ordered sold, and this appeal followed.

A judgment confirming a special assessment is not open to collateral attack on grounds not affecting the jurisdiction of the court which pronounced it, and unless a want of jurisdiction is shown the judgment of confirmation is binding upon all concerned. (*Doremus* v. *People,* 161 Ill. 26.) Objections to the validity of such a judg-

ment, when interposed in a proceeding like this for a judgment and order of sale of delinquent property, constitute such collateral attack on the judgment of confirmation. In the case of ordinary taxes there is no judicial hearing prior to the application for judgment and order of sale, but in the case of a special assessment the law provides for such a hearing when the officer authorized to spread the assessment has done so and the assessment roll is returned to the court. Before the owner is concluded, notice must be given as provided by the statute, and he may have a trial by the court of any legal objection to the assessment, and by a jury of the justice of the amount assessed against his property. The assessment may be modified, set aside, changed or confirmed, but when the court has acquired jurisdiction its judgment cannot be attacked collaterally. Not only is this the rule based on general principles, but section 66 of the act concerning local improvements, under which the proceeding in this case was had, provides: "Upon the application. for judgment of sale upon such assessment or matured installments thereof, or the interest thereon, or the interest accrued on installments not yet matured, no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for." (Laws of 1897, p. 125.)

On the application for confirmation the county court was empowered by law to hear and determine the question whether the owners of a majority of the property in one or more contiguous blocks abutting on the street petitioned for the improvement. Section 9 of said act makes the recommendation of the board of improvement *prima facie* evidence that all the preliminary requirements of the law have been complied with, (Laws of 1897, p. 105,)

but the *prima facie* case so made may be overcome by evidence that there was not such a majority of owners signing the petition.   *City of Bloomington* v. *Reeves,* 177 Ill. 161; *Merritt* v. *City of Kewanee,* 175 id. 537.

The judgment of confirmation was conclusive as against the proposed collateral attack, and the offered proof was properly rejected.

The judgment is affirmed.                  *Judgment affirmed.*