### J. E. PERISHO

*v.*

### THE PEOPLE *ex rel.* Gannaway, County Collector.

*Opinion filed April 17, 1900.*

SPECIAL ASSESSMENTS—*insufficiency of improvement petition cannot be shown on application for sale.* Extrinsic evidence to show that an improvement petition *prima facie* sufficient did not have the requisite number of signers cannot be first received on application for judgment of sale. (*Pipher* v. *People,* 183 Ill. 436, and *Leitch* v. *People,* id. 569, followed.)

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

A. J. FRYER, S. S. ANDERSON, CHARLES C. LEE, and W. E. ADAMS, for appellant.

EMERY ANDREWS, State's Attorney, AL. RAY, City Attorney, and J. H. MARSHALL, (NEAL & WILEY, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court,

This is an application to the county court for a judgment of sale for non-payment of a special assessment under an ordinance of the city of Charleston for the paving of Jackson street in that city between Eighth street and Fourteenth street. The appellant filed objections to the rendition of judgment against his property for the first installment of the special assessment levied thereon in the matter of said improvement. These objections were overruled and judgment of sale was rendered against the property of the appellant, and this appeal is prosecuted from such judgment of sale.

The objection made to the entry of judgment of sale was, that the owners of a majority of the property in the contiguous blocks abutting on the portion of Jackson street which was ordered to be paved did not petition for the local improvement. In support of this objection the appellant offered in evidence testimony for the purpose of showing that the petition was not signed by the owners of a majority of the property in the contiguous blocks abutting upon the portion of the street to be paved. The court refused to receive the testimony thus offered, and ruled that he would not hear any evidence attacking the original assessment proceeding for any defect therein prior in date to the order of confirmation and which did not appear upon the record itself. To this ruling appellant excepted.

The same question presented by this record arose in *Pipher* v. *People*, 183 Ill. 436, and *Leitch* v. *People*, id. 569, and we there held that the evidence was not admissible, —that the judgment of confirmation was conclusive. The decision in those cases is conclusive of the question presented by this record, and for the reasons stated in those cases the judgment of the county court is affirmed.

*Judgment affirmed.*