JOSEPH TRAH

*v.*

THE VILLAGE OF GRANT PARK.

| 192 | 351 |
| 202 | 424 |
| 202 | 425 |
| 192 | 351 |
| 212 | 425 |

*Opinion filed October 24, 1901.*

SPECIAL ASSESSMENTS—*who must sign improvement petition in cities of 10,000 or under.* Under section 4 of the Local Improvement act of 1897, as amended in 1899, (Laws of 1899, p. 95,) in cities, towns or villages having a population of 10,000 or under, petitions to the board of local improvements must be signed by the owners of one-half of the property abutting upon the line of the proposed improvement and by a majority of the resident property owners affected by the improvement.

APPEAL from the County Court of Kankakee county; the Hon. E. B. GOWER, Judge, presiding.

W. R. HUNTER, and R. J. SLATER, for appellant.

HARRISON LORING, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a proceeding in the county court of Kankakee county under the Local Improvement act of 1897, as amended, (Hurd's Stat. 1899, chap. 24, p. 362,) to confirm a special assessment for the construction of a nine-foot concrete sidewalk upon Taylor and Main streets, in the village of Grant Park, in said county. Appellant's property was assessed. He appeared and filed objections to the confirmation of said assessment, on the ground that the petition presented to the board of local improvements of said village was not signed by the owners of one-half of the property abutting on the line of the proposed improvement, which were overruled and the assessment confirmed, and he has appealed.

The village of Grant Park has a population of less than ten thousand. The petition was not signed by the owners of one-half of the property abutting on the line of the proposed improvement, but was signed by a majority of the resident property owners affected by such improvement. The question, therefore, presented for our decision is, must the petition presented to the board of local improvements in cities, towns or villages of a population of ten thousand or under be signed by the owners of one-half of the property abutting on the line of the proposed improvement? The answer to this question involves a construction of section 4 of said Improvement act as amended on April 19, 1899, (Laws of 1899, p. 95,) which in part reads as follows: "In cities, towns or villages having a population of less than fifty thousand, ascertained as aforesaid, no ordinance for making any local improvement to be paid by special assessment or by special taxation of contiguous property shall be adopted unless the owners of one-half of the property

abutting on the line of the proposed improvement shall petition for the same:    *Provided,* that in cities, towns or villages of a population of ten thousand or under, no ordinance for making any improvement shall be adopted unless a majority of resident property owners affected by such improvement shall petition for the same."

Under the decisions of this court construing said section 4 prior to its amendment by adding thereto said proviso, it is well settled that the board of local improvements was powerless to originate said improvement except upon a petition of the owners of a majority of the property abutting on the line of the proposed improvement.    (*City of Bloomington* v. *Reeves,* 177 Ill. 161; *McVey* v. *City of Danville,* 188 id. 428.)    Is the requirement that said petition be signed by the owners of one-half of the property abutting on the line of the proposed improvement abrogated by said proviso?    We think not.    The statute providing that said board of local improvements shall not originate an improvement except upon petition was passed for the protection of the property owner whose property is sought to be assessed, and should receive a construction which will carry out the intent with which it was enacted.    To hold that in cities, towns and villages of a population of ten thousand or under, the board of local improvements might originate an improvement upon a petition signed only by a majority of the resident property owners affected by the proposed improvement, would often lead to absurd results and practically annul the statute, as in many cases there might be no resident property owners, or but few, who would be affected by the proposed improvement, in which case no petition could be presented to the board of local improvements; or the board might act upon a petition and originate an expensive improvement affecting a large amount of property upon a petition signed only by a very small percentage of the owners of property abutting upon the line of the proposed improvement.

We are of the opinion, therefore, that it was the intention of the legislature that no local improvement which is to be paid for by special assessment or special taxation should be originated by said board of local improvements in cities, towns or villages having a population of less than fifty thousand, without the consent of the owners of at least one-half of the property abutting upon the line of the proposed improvement, and, in addition thereto, in cities, towns or villages having a population of ten thousand or under, that a majority of the resident property owners affected by such improvement should also join in such consent, which must be in the form of a written petition to said board. In short, in cities, towns or villages of more than ten thousand and less than fifty thousand the petition must be signed by the owners of at least one-half of the property abutting upon the line of the proposed improvement, while in cities, towns or villages having a population of ten thousand or under, the petition must be signed by the owners of one-half of the property abutting on the line of the proposed improvement and by a majority of the resident property owners affected by such improvement. The petition presented to the board of local improvements in this case not having been signed by the owners of one-half of the property abutting on the line of the proposed improvement, said board was without power to originate said improvement, and no. valid ordinance for the making thereof, to be paid by special assessment, was legally adopted by said village.

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*