THE PEOPLE ex rel. Raymond, County Treasurer,

v.

LOUIS C. TALMADGE.

*Opinion filed December 18, 1901.*

1. SPECIAL ASSESSMENTS—*section 53 of act of 1897 construed.* Section 53 of the act of 1897, providing that no special assessment shall be levied for any local improvement "until the land necessary therefor shall be acquired and in possession of the municipality," etc., does not affect the jurisdiction of the county court but fixes one of the conditions upon which a city may make an assessment.

2. SAME—*objection based on section 53 of act of 1897 comes too late on application for sale.* An objection that the land necessary for a local improvement has not been acquired by the city should be made on application to confirm the assessment, and comes too late upon application for judgment of sale.

3. SAME—*jurisdiction is not affected by correctness of decision made.* Jurisdiction is authority to hear and decide a cause, and it does not depend upon the correctness of the decision made.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM M. PINDELL, (CHARLES M. WALKER, Corporation Counsel, EDGAR B. TOLMAN, and ROBERT REDFIELD, of counsel,) for appellant.

GEORGE S. BAKER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the application of the county collector of Cook county for judgment for the sale of real estate owned by appellee to satisfy the first installment of a special assessment against the same to pay the cost of a sewer in South Robey street, appellee appeared and filed objections, among which was one based upon section 53 of the act concerning local improvements, in force July 1, 1897. That section is as follows: "No special assessment or special tax shall be levied for any local improvement

until the land necessary therefor shall be acquired and in possession of the municipality, except in cases where proceedings to acquire such land shall have been begun and proceeded to judgment." (Laws of 1897, p. 120.) The appellee was permitted to introduce evidence, against objection, that the sewer was built through the center line of South Robey street, and half of it was necessarily on his land; that no part of his property had ever been dedicated by him as a street, and no part had been condemned or acquired in any other way by the city as a street. That was the only objection insisted upon, and it was sustained and the judgment refused.

Upon an application for judgment for the sale of real estate to satisfy a special assessment, no defense which existed at the time the judgment of the county court confirming the assessment was entered and which might have been interposed in that proceeding can be made unless it affects the jurisdiction of the court to enter such judgment. If the county court had jurisdiction to confirm the assessment, the judgment of confirmation is conclusive of all questions which might have been raised in that proceeding and which the court had authority to decide. In the proceeding to levy and confirm the assessment the county court had jurisdiction of the subject matter and of the persons interested, and had full power and authority to decide the question whether the land necessary for the sewer had been acquired and was in possession of the city before the special assessment was levied. Jurisdiction is authority to hear and decide a cause, and it does not depend upon the correctness of the decision made. Section 53 of the act of 1897 does not affect the jurisdiction of the county court, but fixes one of the conditions upon which a city may exercise its power to levy a special assessment. The objection made by appellee raises only a question of fact as to whether that condition existed and whether the judgment of confirmation should have been entered. The objection might have

been made on the application for confirmation of the assessment, and appellee having had his day in court on that question cannot raise it in this collateral proceeding.  *Pipher* v. *People*, 183 Ill. 436;  *Leitch* v. *People*, id. 569;  *Perisho* v. *People*, 185 id. 334.

The judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*