GILBERT VENNUM

v.

THE VILLAGE OF MILFORD.

*Opinion filed April 24, 1903.*

|202 423|
|s112a 624|
|202 423|
|p214 390|
|p214 455|
|e214 530|

1. PUBLIC IMPROVEMENTS—*same petition of property owners cannot be used twice.* If the ordinance based upon a petition of property owners is held invalid and the confirmation proceeding is dismissed, the same petition cannot be used by the improvement board as the basis for recommending another ordinance.

2. SAME—*property owners' petition is essential to validity of ordinance.* In cities, towns or villages having a population of less than 10,000 a petition of the owners of at least one-half of the abutting property and of the majority of the resident property owners affected by the proposed improvement is essential to the jurisdiction of the improvement board and to the enactment of a valid ordinance.

APPEAL. from the County Court of Iroquois county; the Hon. FRANK HARRY, Judge, presiding.

CAREY & SAUM, (ROBERT DOYLE, of counsel,) for appellant.

MORRIS & HOOPER, MCCLELLAN KAY, and J. H. DYER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a proceeding in the county court of Iroquois county by the appellee village for a judgment confirming a special tax levied under the authority of an ordinance adopted by the board of trustees of the village to provide funds, by special taxation of contiguous property, according to frontage, for the improvement of a portion of Jones street and portions of other streets in the said village, by grading and paving the same. The proceedings were under the authority of the act entitled "An act concerning local improvements," approved June 14, 1897, and acts amendatory thereof. (4 Starr & Cur. Stat. 1902, p. 146.) The appellee village has a population of less

than 10,000, and under the provisions of section 4 of said act (4 Starr & Cur. Stat. p. 149,) an ordinance for the improvement of the streets of the village could not be adopted unless the owners of at least one-half of the property abutting on the line of the proposed improvement, and also a majority of the resident property owners affected by the improvement, should have petitioned for the same. *Trah* v. *Village of Grant Park*, 192 Ill. 351.

The appellant was the owner of certain property abutting on the line of the proposed improvement, and filed a number of objections to the confirmation of the assessment of the special taxes against his property. In support of the first of these objections it appeared that on the 23d day of June, 1902, a petition was filed with the board of local improvements asking for practically and substantially the same improvement as that proposed to be made by the ordinance levying the special tax here involved. It further appeared that in pursuance of this petition certain proceedings were had resulting in the adoption of an ordinance authorizing the improvement to be made in pursuance of the petition and in the filing of a petition by the appellee village in the county court of Iroquois county for the assessment and confirmation of a special tax, levied by virtue of such ordinance, to provide funds to defray the cost of paving, etc., certain portions of Jones street and other streets of the village, and the hearing of objections to such petition in said county court, and in an order entered by said county court on the 11th day of August, 1902, dismissing the petition of the village and proceeding at the cost of the village, on the ground, to quote from the order then entered by said county court, "of the invalidity of the ordinance providing for said proposed improvement." It further appeared that the petition which was the basis of the ordinance which was found by the county court to be invalid, was on the 26th day of September, 1902, re-filed with the board of local improvements of the vil-

lage, and was accepted and acted upon by said board as a petition authorizing the said board of local improve-ments to recommend the adoption of the ordinance under and by virtue of which it is sought to levy and assess the special taxes upon appellant's property in the pres-ent proceeding. Acting upon the authority of this peti-tion, the board of local improvements, on the 6th day of October, 1902, passed a resolution recommending the adoption by the board of trustees of the village of an ordinance for the improvement of said Jones street and other streets in the village, on which recommendation the trustees of said village adopted the ordinance here sought to be enforced by the assessment, confirmation and collection of a special tax against the property of the appellant and other property owners in the village.

The petition of the owners of at least one-half of the abutting property and of a majority of the resident prop-erty owners affected by the proposed improvement was essential to invest the board of local improvements with jurisdiction in the matter, and in the absence of such a petition no valid ordinance providing for the improve-ment could be passed. (*Trah* v. *Village of Grant Park, supra; Whaples* v. *City of Waukegan,* 179 Ill. 310.) The petition which had been signed in June, 1902, and which was then presented to the board of local improvements, and on which said board acted and recommended the adoption of the ordinance which was found to be invalid at the August term of the county court of said county, could not be re-filed with the board of local improvements on September 26, 1902, and seized upon as a valid petition authorizing the board of local improvements to proceed to consider and recommend the adoption of another ordi-nance for the improvement. The petition had served its purpose, and had no further validity to endow the board of local improvements with authority and jurisdiction to act in September and recommend the ordinance now sought to be enforced. Only such persons as were own-

ers of property abutting on the line of the improvement and "resident property owners affected by the improvement" were qualified petitioners.    The ownership of the property affected by the levy and assessment of the special tax, and the place of residence of such owners, may have materially changed after the final disposition, at the August term, 1902, of the ordinance based upon the petition and the re-filing of the petition with the board of local improvements on September 26, 1902, as the basis for another ordinance.    The statute inhibiting action on the part of the board of local improvements except upon the petition of a majority of the owners of property to be affected was enacted to preserve and protect the rights of the property owners, and it should be so construed and enforced as to effectuate the legislative design.    A petition which had the requisite number of qualified petitioners in June, 1902, may or may not have contained the names of the requisite number of persons who were residents of the village and owners of property abutting on or to be affected by the improvement in September of that year.    After the adoption of the ordinance which was found to be invalid, and after the petition of the city for a judgment confirming a special tax under such ordinance had been denied and the petition of the village dismissed, the petition of the property holders which was the basis of the invalid ordinance had no further life or vitality.    It could not confer authority on the board of local improvements to proceed to the adoption of another ordinance in the month of September, 1902.

It is obvious other objections which are urged against the assessment and collection of the special tax need not be discussed.    The objection considered being fatal to the proceeding, the judgment of the county court will be reversed and the cause will not be remanded.

*Judgment reversed.*