## O. H. RICHARDS

*v.*

### THE CITY OF JERSEYVILLE.

*Opinion filed February 21, 1905.*

1. SPECIAL ASSESSMENTS—*absence of property owners' petition must be shown by proof.*  One objecting to a special assessment upon the ground that no property owners' petition for the improvement was presented to the board must establish his objection by proof, since it will be presumed, in the absence of evidence to the contrary, that there was such a petition.

2. SAME—*confirmation petition need not allege that there was a property owners' petition.*  A petition by a city to confirm a special assessment need not allege that there was a property owners' petition presented to the improvement board, nor is proof of such fact essential to the *prima facie* case made by the recommendation of the board.

3. SAME—*city is presumed to have acted under the valid law.*  If two laws are in existence relating to the same subject, one of which is valid and the other invalid, it will be presumed that a city, in making a special assessment under such laws, acted under the valid one, unless the contrary appears.

APPEAL from the County Court of Jersey county; the Hon. CHARLES S. WHITE, Judge, presiding.

MARTIN J. DOLAN, for appellant.

ED J. VAUGHN, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This was a proceeding in the county court of Jersey county for the confirmation of a special assessment to pay the cost of paving one block on State street, in the city of Jerseyville.  There were several objectors who appeared before the trial court, and fourteen objections were filed.  The thirteenth, however, was withdrawn, leaving but thirteen to be passed upon by the court, and upon the hearing all of the

objections were overruled and judgment entered confirming the assessment. Appellant is the only person appealing from that judgment. The only objection relied upon in this court is the fifth objection, which alleged there was no petition for the improvement signed by a majority of the owners of the abutting property.

Upon the hearing before the county court appellee offered in evidence the recommendations of the board of local improvements to the city council recommending the passage of the ordinance for the improvement; also the engineer's estimate and the ordinance providing for said proposed improvement, etc. Appellant offered no evidence.

Section 9 of the Local Improvement act (Hurd's Stat. 1903, p. 393,) provides that the recommendation of the board that the improvement be made "shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with." Section 10 also provides: "The recommendation by said board shall be *prima facie* [evidence] presumed to be based upon a full compliance with the requirements of the act."

The *prima facie* case was made by the introduction in evidence of the recommendation of the board of local improvements, the estimate of the engineer and the ordinance for the improvement. It then became incumbent upon appellant, under his objections, to overcome the *prima facie* case thus made by the appellee. (*Pipher* v. *People,* 183 Ill. 436; *McVey* v. *City of Danville,* 188 id. 428; *Yaggy* v. *City of Chicago,* 192 id. 104; *Berry* v. *City of Chicago,* 192 id. 154; *Madderom* v. *City of Chicago,* 194 id. 572; *Wells* v. *City of Chicago,* 202 id. 448.) As appellant offered no evidence he failed to overcome the *prima facie* case made by appellee.

Under the provisions of sections 9 and 10, above mentioned, the presumption obtains that if it were necessary that appellee should do so, it did, in fact, have the petition of the property owners, as required by section 34 of the Local Improvement act, as that was one of the preliminary steps

before the board of local improvements toward their determination to make the improvement. The proceeding in the court is a purely statutory one, and to entitle appellee to maintain it it is only necessary that the provisions of the statute be complied with. Section 37 of the act prescribes what the petition shall contain. That section, so far as material, reads: "It shall be the duty of the officer specified therein, to file a petition in some court of record in said county, in the name of such municipality, praying that steps be taken to levy a special assessment for said improvement, in accordance with the provisions of the said ordinance. * * * There shall be attached to or filed with such petition a copy of the said ordinance, certified by the clerk, under corporate seal; also a copy of the recommendation of the board of local improvements, and of the estimate of the cost, as approved by the legislative body." (Hurd's Stat. 1903, p. 399.)

It will thus be seen that it is not required by law that the petition on behalf of the city allege that a petition of the property owners for the improvement was made and presented to the board of local improvements. It is elementary that it is not necessary for a petitioner, in a proceeding in court, to prove more than he is required to aver and allege; and especially is this true in a proceeding of the character here under consideration, in view of the express language of the statute quoted from sections 9 and 10 of said act.

From the view we have expressed, it follows that in the absence of any evidence to the contrary appearing in the record it was not error for the court below to indulge the presumption declared by the statute in favor of appellee and overrule appellant's objections.

The case of *L'Hote* v. *Village of Milford,* 212 Ill. 418, has no application to the case here presented. It is not material that the amendments of 1903 to the act in question were held invalid in that case. The judgment here does not necessarily depend upon the validity of those amendments. The law presumes that if there was a valid statute authoriz-

ing the improvement then the valid act was proceeded under, and not one that was invalid, (*Madderom* v. *City of Chicago, supra,*) and as it appears from the record that the court had before it the matter required by the statute, before the amendments of 1903, to make the proceeding regular, then the court would presume, under the provisions of sections 9 and 10, *supra,* that the preliminary requirements of the valid act had been complied with. The validity of the act of 1897 is not here questioned.

The judgment of the county court is affirmed.

*Judgment affirmed.*