AARON T. SUMNER v. THE VILLAGE OF MILFORD et al.

and

JENNIE SUMNER v. SAME, and WM. V. MARSHALL v. SAME.

*Opinion filed February 21, 1905—Rehearing denied April 5, 1905.*

1. SPECIAL ASSESSMENTS—*proper course in appointing commissioner and dividing assessment into installments.* Under the Local Improvement act, as amended in 1901, the president of the board of local improvements may appoint some competent person to spread the assessment where there is no superintendent of special assessments, and the assessment may be divided into installments, not more than ten in number.

2. SAME—*reversal of judgment affects only the property of the parties appealing.* Reversal of a confirmation judgment on appeal or writ of error affects only the property of the appellants or the plaintiffs in error.

3. INJUNCTION—*failure to interpose defense at law bars relief in equity.* The power of a court of equity to enjoin the enforcement of a judgment must be exercised according to fixed rules, one of which is, that it is no ground for relief in equity that a judgment is wrong in law or fact, or both, if the complainant had an opportunity to make his defense at law but omitted to do so.

4. SAME—*equity will not enjoin a void judgment in absence of some equitable ground.* Even though a judgment is absolutely void for want of jurisdiction of the person or subject matter, a court of equity will not enjoin its enforcement unless there is some equitable ground for interference.

5. JURISDICTION—*jurisdiction is authority to decide.* Jurisdiction is the power conferred by law to hear and determine controversies concerning certain subjects, and as applied to the particular controversy it is the power to hear and determine that controversy.

6. SAME—*if court has jurisdiction its judgment is binding until set aside in direct proceeding.* If the court has jurisdiction to decide the case at all, every party brought within the jurisdiction must make his defense, and the judgment can only be set aside by appeal or writ of error, if such remedies are available.

7. SAME—*when jurisdiction of special assessment case is complete.* Under section 37 of the Local Improvement act, jurisdiction of the county court to hear a proceeding to confirm a special assessment is complete upon the filing of the petition by the proper officer for the confirmation of the assessment, in accordance with the provisions of the accompanying ordinance.

8. SAME—*absence of legal petition of property owners does not deprive court of jurisdiction.* Absence of a legal petition of property owners for an improvement does not deprive the county court of jurisdiction of a proceeding to confirm a special assessment for the improvement, and if the defendants fail to make the defense that there is no legal petition and make proof of that fact, they can not invoke the aid of equity to enjoin the enforcement of the judgment of confirmation.

9. SAME—*when jurisdictional requirement that there be an ordinance is complied with.* If an ordinance for the improvement is duly passed and approved, the condition respecting the jurisdiction of the court that there be an ordinance is complied with, although there may be defects in the ordinance or in the proceedings before the board of local improvements.

MAGRUDER, J., dissenting.

APPEAL from the Circuit Court of Iroquois county; the Hon. R. W. HILSCHER, Judge, presiding.

ROBERT DOYLE, for appellants.

J. H. DYER, McCLELLAN KAY, and MORRIS & HOOPER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In these three cases the appellants, who are owners of lots or tracts of land upon which a special tax was levied and confirmed by the judgment of the county court of Iroquois county to pay the cost of grading, curbing and paving certain streets in the village of Milford, filed their bills in equity in the circuit court of said county against appellees, the village of Milford, the members of the board of local improvements and the village treasurer, praying for an injunction prohibiting said defendants from issuing any warrant or bond or causing any tax to be levied against their said property, in pursuance of said judgment of the county court, to pay for any work on said improvement. The bills were severally demurred to on the grounds of want of equity on

their face, the absence of a necessary party in the person of the contractor for the improvement, and because there was an adequate remedy at law. The demurrers were sustained and the bills were dismissed at the cost of the complainants, who appealed from the decrees.

The bills are of the same nature, and the facts averred in each are the same except as to the particular pieces of property owned by the complainants, and the appeals have therefore been heard together. The special tax sought to be enjoined is the same one involved in the case of *Vennum* v. *Village of Milford,* 202 Ill. 423, and the facts alleged with respect to the previous use of the petition of property owners for the improvement, as a basis for recommending previous ordinances, are the same as were stated in that case. The bills also allege that a petition of the village of Milford was filed in the county court, in pursuance of the ordinance for the improvement, asking the court to proceed to levy and confirm the assessment; that the president of the board of local improvements appointed a commissioner to make said assessment, whose appointment was confirmed by the county court, and he was ordered to make the same; that the commissioner made and returned the assessment sworn to by him, which was filed in the county court; that objections to the assessment were filed by sundry persons, all of which were overruled except those of one objector, which were sustained and the objector's assessment was reduced; that in all other respects the court confirmed the assessment; that Gilbert Vennum appealed from the judgment of confirmation to this court, which reversed the judgment because no legal petition for the improvement was presented to the board of local improvements; that the lands of the complainants were taxed to make the improvement; that section 9 of the ordinance divided the tax into ten installments, all except the first to bear interest at the rate of five per cent per annum, and that when the ordinance was passed the law did not authorize the passage of an ordinance or the issue of

bonds for such a number of installments bearing such a rate of interest. The grounds for equitable relief alleged and relied upon are, that by reason of amendments to the Local Improvement act the president of the board of local improvements had no power, at the time, to appoint the commissioner, and there was no power in the village board to divide the assessment into ten installments bearing interest at five per cent; that the reversal of the judgment as to the tract owned by Gilbert Vennum operated to set aside the entire assessment, and that the petition of the property owners for the improvement had lost its vitality from previous use.

The power of the president of the board of local improvements to appoint a commissioner to spread the special tax was upheld in the case of *Village of Melrose Park* v. *Dunnebecke,* 210 Ill. 422, and the decision in that case is also adverse to the claim made as to the division of the tax or assessment into installments. The argument that the reversal of the judgment as to the tract owned by Gilbert Vennum operated to set aside the tax as to the property of the complainants is met by several decisions of this court. (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Phelps* v. *City of Mattoon,* 177 id. 169; *City of Chicago* v. *Nodeck,* 202 id. 257.) The reversal as to Vennum's property had no effect as to any other piece of property, and, indeed, section 56 of the Local Improvement act so expressly provides. (Laws of 1897, p. 121.) These questions are therefore out of the case, and we need not consider whether, under any circumstances, they could afford ground for equitable relief.

The averment of the bills that the petition of the property owners had been used twice before in proceedings for the confirmation of a tax for this same improvement, which had been dismissed by the county court, remains to be considered. It is contended in support of the claim for equitable relief against the judgment that this fact deprived the county court of jurisdiction to render any judgment confirming the special tax; that both the ordinance and judgment of the

court are nullities, and that property owners therefore have a right to an injunction to prevent the execution of the judgment and the collection of the tax. It is not a case where there is an attempt by tax-payers to enjoin a misappropriation of public money held in trust by public officials, but if the right exists it is a private one, affecting only the property of the complainants. The power of a court of equity to interfere and enjoin the enforcement or collection of a judgment is unquestioned, but the power is exercised according to fixed and determined rules, one of which is, that it is no ground for relief, in equity, that a judgment is manifestly wrong in law or fact, or both, if the complainant having an opportunity to make his defense at law has omitted to do so. A court of equity will never interfere to stay the execution of a judgment unless the party invoking its aid can show some special equitable feature or ground of relief, and the failure of the complainant to make his defense in a court of law having jurisdiction of the subject matter and of his person is no ground for such interference. If he has been brought into court and has an opportunity to interpose his defense, equity will give him no relief from the consequences of his neglect. (*State Bank* v. *Stanton,* 2 Gilm. 352; *Holmes* v. *Stateler,* 57 Ill. 209; 3 Pomeroy's Eq. Jur. sec. 1361.) Even if a judgment is absolutely void for want of jurisdiction in the court over the subject matter or the person, and may be defended against whenever and wherever there is an attempt to enforce it, equity will only enjoin its execution where there is some equitable ground for intervention. In this case, if the judgment of confirmation should be held void for want of jurisdiction in the county court to render it, that would be a good defense to an application for judgment of sale, which could be interposed by complainants without resort to a court of equity, and the question would be finally settled upon application for judgment for the first installment.

The bills allege that the village of Milford filed its petition in the county court for the levy and confirmation of the special

tax, and do not aver that the court did not acquire jurisdiction of the persons of complainants by proper notice, as provided for in the statute. Complainants do not attack the judgment on account of any want of notice or want of jurisdiction of their persons or allege that notice was not given, but their claim is that the court acquired no jurisdiction because the petition presented to the board of local improvements had lost its vitality by the prior use made of it. The only question then is whether the county court had jurisdiction of the subject matter. If it did and the complainants failed to make the defense that the petition had been previously used, and make proof of such fact, they cannot now invoke the aid of a court of equity on account of their neglect.

Jurisdiction is authority to hear and determine a cause—authority to decide. It is the power conferred by law to hear and determine controversies concerning certain subjects, and as applied to the particular controversy it is the power to hear and determine that controversy. (11 Cyc. 660; *People v. Talmadge,* 194 Ill. 67.) If a court has jurisdiction its judgment may be directly attacked for errors or irregularities, but however manifestly erroneous the decision may be, it is binding until reversed or set aside in a direct proceeding for that purpose. The exercise of the jurisdiction may be erroneous, but if the court has authority to decide the case at all, every party brought within the jurisdiction must make his defense, and the judgment can only be set aside by appeal or on error, when such a remedy is available. Courts of equity do not sit to review the judgments of courts of law rendered within their jurisdiction on account of errors. Jurisdiction of the subject matter must be found in and derived from the law, and in this case the law gives jurisdiction to county courts to hear and determine the subject matter in controversy. Section 37 of the Local Improvement act confers jurisdiction on the county court of any proceeding under that act. (Laws of 1897, p. 114.) Jurisdiction of a particular case must be acquired in the manner

prescribed by the law. Where the mode of acquiring juris-
diction is prescribed by the statute, compliance therewith is
essential or the proceedings will be a nullity. (11 Cyc. 670.)
Section 37 prescribes the method by which a county court
shall obtain jurisdiction, which is the filing of a petition by
the officer specified in the ordinance, in the name of the mu-
nicipality, praying that steps may be taken to levy a special
assessment for the improvement, in accordance with the pro-
visions of said ordinance. It requires that a copy of the ordi-
nance shall be attached to or filed with the petition, with a
copy of the recommendation of the board of local improve-
ments and the estimate of cost as approved by the legislative
body, but it is expressly provided that a failure to file any
or either of the copies shall not affect the jurisdiction of the
court to proceed in the cause and act on the petition. Inas-
much as the law gives to county courts jurisdiction of special
assessment cases, and the bills show that the petition was
filed, the court acquired jurisdiction of the particular case
now involved in the precise manner pointed out by the stat-
ute, and its jurisdiction, which is the right to hear and deter-
mine the cause, was complete.

The argument in support of the bills is founded mainly
on the use of the words "jurisdiction" and "void" in various
opinions of the court when applied to municipalities, boards
of local improvements or courts, but counsel do not refer to
any case where the question of the jurisdiction of a county
court was involved, and where it was held that there was
no jurisdiction because of the want of a petition for the im-
provement or the invalidity of such a petition. Words often
have different meanings in different situations, and some-
times they are used with indefinite or indeterminate mean-
ings. The Supreme Court of the United States, in the case
of *Watson* v. *Jones,* 13 Wall. 732, said: "There is, perhaps,
no word in legal terminology so frequently used as the word
'jurisdiction' so capable of use in a general and vague sense,
and which is used so often by men learned in the law with-

out a due regard to precision in its application." It has been used as applying to the authority or mode of procedure of boards of local improvements, to the right or power of the legislative body of a municipality to act upon a certain subject or to pass an ordinance, and also to the legal power or right of a court to hear and determine the matter in controversy. The word "void" is also used in varied meanings and applied indifferently to a thing which has no legal force or effect and is an absolute nullity, and to that which, by reason of some inherent vice or defect, may be adjudged void by a court when the question is presented to it.

Counsel rely upon the case of *Merritt* v. *City of Kewanee,* 175 Ill. 537, where it was said that as the proofs showed that the petition had not been signed by a majority of the owners of the abutting property, the void character of the ordinance was established. That was an appeal from the judgment of confirmation, and it was not decided that the court had no jurisdiction to hear and determine the question whether the petition had been signed by the owners of a majority of the abutting property. It was held that the county court erred in not sustaining the objection, which was supported by the proof in that court, and for that error the cause was remanded to the county court for further proceedings in accordance with the views then expressed.

In the case of *Clarke* v. *City of Chicago,* 185 Ill. 354, which counsel also rely upon, it was held that the *prima facie* case made by the recommendation of the board of local improvements was overcome by proof that no public hearing had been held, and the estimate of the city engineer was no part of the resolution; that the void character of the ordinance was thereby established and that the court had no jurisdiction to entertain the proceeding; but that also was a direct appeal, where no question of the jurisdiction of the court was involved. The jurisdictional question related rather to the board of local improvements, and the decision was, not that the court had no jurisdiction to hear and decide

on the objections, but that the court erred in not sustaining the objections, and the cause was remanded to the county court for further proceedings in accordance with the views expressed in the opinion.

We have frequently held in cases where the jurisdiction was involved and decided, that the jurisdiction of the county court is not affected by the want of a petition or its invalidity. We have always said that if the county court was wanting in jurisdiction the judgment could be collaterally attacked on an application for judgment of sale; but in *Pipher* v. *People,* 183 Ill. 436, where the objector offered to prove that the petition was invalid, it was decided that the court had regularly acquired jurisdiction of the subject matter and of the parties in the assessment proceeding; that the court, on the application for confirmation, was empowered by law to hear and determine whether the property owners had petitioned for the improvement, and that its judgment on that question was conclusive against the proposed attack. The same question was involved in *Leitch* v. *People,* 183 Ill. 569, where the question was whether the county court had jurisdiction to render the judgment of confirmation. It was decided that jurisdiction of the subject matter was acquired upon the city filing a petition, with copies of the ordinance, recommendation and estimate as approved by the city council; that the court thereby became vested with full jurisdiction of the subject matter; that if Leitch had appeared upon the application to confirm the assessment he would have been entitled to prove that the petition was not signed by a majority of the property owners, as was decided in *Merritt* v. *City of Kewanee, supra,* and *City of Bloomington* v. *Reeves,* 177 Ill. 161, but that he could not be allowed to make such proof on the application for judgment of sale. Again, in *Perisho* v. *People,* 185 Ill. 334, the question for decision was whether, on an application for judgment of sale, a property owner could show there was no legal petition for the improvement, and it was again decided that proof of the in-

validity of the petition would not be heard. In *Conlin* v. *People,* 190 Ill. 400, the same objection, that there was no sufficient petition, was overruled, and we held that the ruling was right; that the county court acquired jurisdiction, by the filing of a petition and giving notice as required by law, to decide whether there was a sufficient petition, and having such jurisdiction its decision could not be assailed. Clearly, no distinction can be made between the questions whether a petition has been signed by a requisite number of property owners, or whether it is insufficient because it has already served its purpose. The jurisdiction of the court to decide the question is no more affected in one case than in the other, and if the judgment is conclusive on the question whether a petition is invalid for want of a requisite majority, it is equally conclusive on the question whether it is invalid for any other reason. Where a court has jurisdiction of the parties and of the subject matter, a judgment confirming a special tax is conclusive unless annulled or set aside by direct proceedings. *People* v. *Green,* 158 Ill. 594; *Larson* v. *People,* 170 id. 93.

The Local Improvement act provides that the county court shall obtain jurisdiction in a particular case upon the passage of any ordinance for a local improvement, by the filing of a petition, by the officer specified in the ordinance, praying for an assessment in accordance with the provisions of the ordinance. We have therefore regarded it as necessary to the jurisdiction that there should be an ordinance providing for the improvement, passed by the legislative body of the municipality. Accordingly it was said in *Steenberg* v. *People,* 164 Ill. 478, that if an ordinance exceeds the power of the city council or the necessary steps for its enactment have not been observed, the ordinance is void and no rights can grow up under it. The necessary steps for its enactment only include its passage and approval, and do not refer to proceedings before the board of local improvements. If an ordinance providing for the improvement is duly passed and

approved, the condition respecting the jurisdiction of the court is complied with, although there may be some defect in it or in the previous proceeding. An ordinance providing for an improvement must include a description of the improvement, but in the case of *Gross* v. *People,* 172 Ill. 571, it was said that unless there was a total failure to include in the ordinance the necessary element of a specification of the nature, character, location and description of the improvement required by the statute, the fact that the specification was defective would not be a defense to the application for judgment of sale. This decision was followed in *Blount* v. *People,* 188 Ill. 538, as to an application for judgment of sale, and as to a new assessment, in *Foster* v. *City of Alton,* 173 Ill. 587. The decision in *People* v. *Clifford,* 166 Ill. 165, was on the ground that there was no land to which the judgment of confirmation or the lien of the assessment could attach. There was no such property as the court attempted to act upon in confirming the assessment. In *City of Chicago* v. *Nodeck,* 202 Ill. 257, it was held that the court, at a subsequent term, might set aside the judgment for a special assessment which included work for which an assessment could not be levied, and the real ground of the decision was that the estimate, including the paving of approaches to a viaduct, was a fraud against the property owners which authorized vacating the judgment. While it was said that the court was without jurisdiction to enter the judgment, it was not held that the judgment was a nullity, but that it was open to attack for fraud and subject to be set aside for that reason. In *Culver* v. *People,* 161 Ill. 89, it was said that the ordinance illegally dividing an assessment into installments was void, and that all proceedings based upon it, including the judgment of confirmation, were void also. That illegality was regarded as a good defense on the application for judgment of sale, but in that case there was no valid law authorizing the judgment. When a supplemental assessment for the same improvement came before the court in *West Chicago Park*

*Comrs.* v. *Farber,* 171 Ill. 146, it was held that the general terms used in the former case did not apply to the whole ordinance; that the provision for dividing the assessment into installments in an illegal manner rendered that provision void, but that the ordinance was not void as a whole, and was a proper basis for a new assessment for work done under it. There is nothing in those cases which would justify a resort to a court of equity in this case.

The court was right in sustaining the demurrers and dismissing the bills. The decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE MAGRUDER: I do not concur. The reasons for this dissent are stated in the opinion adopted and filed on the former hearing, a copy of which opinion is printed in Vol. 37, No. 12, of the *Chicago Legal News,* at pp. 93-96, being the issue of that journal which bears date November 5, 1904.