JACOB M. HARMAN *et al.*

*v.*

THE PEOPLE *ex rel.* Ernest Munsterman, County Treasurer.

*Opinion filed February 21, 1905—Rehearing denied April 5, 1905.*

1. SPECIAL ASSESSMENTS—*what objections cannot be raised on application for sale.* Objections to a special assessment which existed at the time of the confirmation thereof and might have been interposed in that proceeding cannot be urged in defense of the application for judgment of sale.

2. SAME—*confirmation judgment is several as to each property owner.* A confirmation judgment is several as to each owner, and a reversal of the judgment as to the property of the person appealing does not affect the judgment as to the property of others not appealing nor furnish them any ground of defense on application for judgment of sale against their property.

3. SAME—*effect where ambiguity in description of lots is shown by extrinsic evidence.* Ambiguity in the description of lots against which a judgment confirming a special assessment is entered, which

is shown by extrinsic evidence to exist, may be explained by the same character of evidence, and if, when so explained, a competent surveyor may locate the property from the description, the ambiguity does not vitiate the judgment.

APPEAL from the County Court of Iroquois county; the Hon. FRANK HARRY, Judge, presiding.

ROBERT DOYLE, for appellants.

MCCLELLAN KAY, and MORRIS & HOOPER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

To the application of the county collector of Iroquois county for judgment against lots, parcels and tracts of land owned by appellants for delinquent installments of a special tax levied by the village of Milford for the improvement of certain streets in said village, and duly confirmed by the county court of said county, appellants filed objections, which were overruled and a judgment and order of sale were entered. To reverse that judgment this appeal was prosecuted.

The errors assigned concerning rulings on the trial and the decision of the court may all be disposed of by a consideration of the objections to the tax which are presented to this court. The tax is the same one involved in the case of *Vennum* v. *Village of Milford,* 202 Ill. 423, and appellants make the following objections to it: First, that the petition for the improvement had been re-filed with the board of local improvements after it had served its purpose and ceased to be effective as a petition; second, that the ordinance for the improvement divided the special tax into a greater number of installments than was authorized by the statute and provided for a rate of interest not allowed thereby; third, that the president of the board of local improvements had no authority to appoint the commissioner who spread the tax, and therefore his appointment was not legal; fourth, that as to

some of the tracts of land the description was such that a surveyor could not ascertain where they were situated, and they cannot be identified.

Waiving the fact that some of these objections do not appear upon the face of the record of the proceeding to con-firm the special tax and therefore are not available for a collateral attack thereon, it is apparent that every one of these objections might have been made in that proceeding. The facts on which they are alleged to be founded were in existence at that time and could have been presented to the court. By section 66 of the Local Improvement act it is provided that on the application for judgment of sale "no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof, and no errors in the proceeding to confirm, not affecting the power'of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for." (Laws of 1901, p. 111.) The property owner is entitled to a hearing before his property is finally charged with a special tax or assessment, and the law has provided such a hearing; but when the property owner has had his day in court the judgment is binding and conclusive as to every defense which was or might have been made by him. That is the rule regardless of the statute, and we have always held that objections such as these cannot be raised, by way of collateral attack, in the proceeding to collect the assessment by judgment and sale. It was the right and duty of appellants, when notified as provided by the statute, if they desired to contest the tax for any of the reasons now alleged, to appear in the county court and make their objections. The judgment of confirmation is in full force, not vacated, reversed or set aside as to appellants' property, and it cannot be collaterally attacked in the way here attempted. *Pipher* v. *People,* 183 Ill. 436; *Leitch* v. *People,* id. 569; *Perisho* v. *People,* 185 id. 334.

But appellants say as to the objection that the property cannot be identified, that the judgment of confirmation for that reason was absolutely void and the judgment entered in this case is likewise void because they are against property that cannot be found. The descriptions in the proceeding to confirm the tax and in the application for judgment are not ambiguous or uncertain on their face, but are as definite and certain as any descriptions of land. The claim is, that appellants showed, by evidence, that the lands could not be located by a competent surveyor, or, in other words, that an ambiguity in the description was shown by extrinsic evidence. Where an ambiguity is raised in that way it may be dispelled by the same kind of evidence. Where an ambiguity does not appear on the face of a writing but is shown by extrinsic evidence, it may be explained by the same character of evidence. (*Doyle* v. *Teas*, 4 Scam. 202; *Marshall* v. *Gridley*, 46 Ill. 247.) From the evidence in this case we do not think it can be said that the property cannot be found and located by a competent surveyor, and the judgment is not void on the ground that there is no such property.

One objection is based on something that has occurred since the judgment of confirmation, and it is this: On the appeal of Gilbert Vennum in the case above mentioned a judgment of confirmation was reversed as to his property, and appellants insist that the entire judgment of confirmation for the tax was thereby set aside and became illegal. The judgments were several as to each owner, and the reversal as to the property of Gilbert Vennum had no effect upon the judgment against the property of appellants. On that appeal we decided that the county court committed an error and that the judgment was erroneous, for which reasons it was reversed as to the property of Gilbert Vennum, but it remains in full force as to the property of appellants.

The judgment is affirmed.           *Judgment affirmed.*