JAMES HARRIGAN *et al.*

*v.*

THE CITY OF JACKSONVILLE.

*Opinion filed February 21, 1906.*

1. CONSTITUTIONAL LAW—*statute authorizing making of local improvement by special taxation is not unconstitutional.* The Local Improvement act of 1897, in so far as it authorizes a local improvement to be made by special taxation of contiguous property, is not in violation of section 1 of article 9 of the constitution, requiring taxes to be levied according to valuation.

2. SPECIAL TAXATION—*questions depending upon proof are not reviewable in absence of a bill of exceptions.* Whether there was a property owners' petition for the improvement, and whether the notice specified a time and place for the public hearing, are questions resting in proof, and are not reviewable on appeal in the absence of a bill of exceptions.

3. SAME—*party making assessment roll need not be appointed by court.* A party appointed by the president of the board of local improvements to make the assessment roll in a special tax proceeding has authority to act.

WRIT OF ERROR to the County Court of Morgan county; the Hon. CHARLES A. BARNES, Judge, presiding.

WILLIAM P. CALLON, and JOHN H. McDONNELL, for plaintiffs in error.

W. M. MORRISEY, (M. T. LAYMAN, of counsel,) for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is a writ of error to review a judgment of the county court of Morgan county confirming a special tax for the construction of a brick pavement on West Lafayette avenue, in the city of Jacksonville. No objections were filed by the plaintiffs in error in the court below.

The transcript of record does not purport to be a full and complete copy of the record, but only of certain specified parts thereof. There is no bill of exceptions in this transcript of record, and therefore none of the evidence upon which the judgment is based is before this court.

The ordinance for the pavement provided that the improvement, except at the intersections of streets and alleys, should be made by special taxation of contiguous property. It is contended that the Local Improvement act, in so far as it authorizes a local improvement to be made by special taxation of contiguous property, violates section 1 of article 9 of the constitution of 1870, which requires that taxes shall be levied according to valuation, "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property."

This court has heretofore held in a number of cases that a statute authorizing a local improvement to be made by special taxation of contiguous property does not violate the section of the constitution referred to. (*White* v. *People,* 94 Ill. 604; *Murphy* v. *People,* 120 id. 234; *Crane* v. *West Chicago Park Comrs.* 153 id. 348.) The reasons for such

conclusion are stated at length in those decisions, and it is unnecessary to repeat them here.

It is next urged that there was no petition of property owners presented to the board of local improvements requesting the improvement. That was a matter of proof, (*Richards* v. *City of Jerseyville,* 214 Ill. 67; *Guyer* v. *City of Rock Island,* 215 id. 144;) and inasmuch as there is no bill of exceptions in the record, it is not here made to appear that there was no such petition.

Objection is made that the officer who made the assessment roll was not appointed by the court nor directed by any order of court to make the assessment, but purported to act under an appointment by the president of the board of local improvements. Such appointment by the president of the board of local improvements was sufficient authority to make the assessment. *Village of Melrose Park* v. *Dunnebecke,* 210 Ill. 422.

Plaintiffs in error assert that the notice given by the officer who made the assessment misdescribes the action pending. As the respect in which the description in the notice is considered erroneous is not pointed out we will not consider this point.

The last assignment of error urged is, that the notice of the public hearing did not specify a time or place therefor. That also was a matter of proof to be made by the objector in the county court, as the statute makes the recommendation of the board of local improvements, which is presented to the city council with the proposed ordinance, *prima facie* evidence that all the preliminary requirements of the law have been complied with. (Hurd's Stat. 1903, chap. 24, sec. 515.) In the absence of such proof it is presumed that the notice complied with the statute.

The judgment of the county court will be affirmed.

*Judgment affirmed.*