(No. 33171.—

THE CITY OF MATTOON, Appellant, *vs.* JACOB STUMP, JR., *et al.*, Appellees.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

R. G. REAL, City Attorney, (ORVILLE F. SCHOCH, of counsel,) both of Mattoon, for appellant.

HARRY I. HANNAH, (JOSEPH P. SMITH, JR., of counsel,) both of Mattoon, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal by the city of Mattoon from a judgment of the city court of Mattoon sustaining objections by appellees, who are interested property owners, to the city's application, filed in a special assessment proceeding, for approval of a certificate of completion for the widening and paving of a portion of Broadway Avenue. The record shows that the court's denial of a certificate was based solely on a consideration of the pleadings and upon the apparent ground that it was without jurisdiction to hear the matter.

The assessment proceeding here involved was the subject of a prior appeal before this court in *City of Mattoon v. Stump,* 414 Ill. 319, in which certain, but not all, of the present appellees sought review of an order confirming the assessment roll relating to the said improvement. We reversed the order of confirmation and remanded the cause, holding the ordinance authorizing the improvement was invalid for failure of the resolution, submitted by the board of local improvements to the city council, to clearly and sufficiently define the extent, nature and character of the improvement as required by the Local Improvement Act. (Ill. Rev. Stat. 1951, chap. 24, pars. 84-1 to 84.1-49.) Our opinion in that cause was filed March 23, 1953, and our mandate was filed in the trial court on April 9, 1953.

Pending the above appeal, the city, as it is permitted to do by the terms of section 84-75 of the Local Improvement Act, (Ill. Rev. Stat. 1951, chap. 24, par. 84-75,) filed in the cause a written election to proceed with the work, notwithstanding the appeal. Subsequently, the city council let a contract and the work was completed, whereupon the city, on April 8, 1953, filed a report in the trial court of the cost and completion of the improvement, to which was attached an application for approval of a certificate of completion, and asked the court that a hearing

be held to determine whether the facts contained in the report were true. Appellees filed objections to said application contending, in the main, that the trial court was, by virtue of our decision on the first appeal, without jurisdiction to pass upon the matter and that the improvement was constructed without any authority of law. In effect it was, and is, their position, and the apparent conclusion of the trial court, that the entire special assessment proceeding is a nullity because of our reversal of the order of confirmation of the special assessment roll.

The answers to such a contention are to be found, of course, within the provisions of the Local Improvement Act upon which the special assessment proceeding was based. Section 84-37 of the act, (Ill. Rev. Stat. 1951, chap. 24, par. 84-37,) which confers jurisdiction upon specified courts in special assessment proceedings, sets forth the following: "Upon the passage of any ordinance for a local improvement pursuant thereto, it is the duty of the officer specified therein to file a petition in some court of record * * * praying that steps be taken to levy a special assessment for the improvement in accordance with the provisions of that ordinance." It is to be noted that the statute does not say it must be a valid ordinance and, in construing the section, and its antecedents, this court has held that the jurisdiction of a court to hear or act in a special assessment proceeding is not made to depend upon the validity or invalidity of the ordinance authorizing the assessment. (See: *Village of Elmwood Park* v. *Mills & Son,* 311 Ill. 136, 141; *Sumner* v. *Village of Milford,* 214 Ill. 388, 393; *City of Chicago* v. *Galt,* 225 Ill. 368, 373.) In the instant case the city filed a petition in a court of record as required. Thereafter the assessment roll was filed and the persons who paid taxes during the preceding calendar year on each parcel of property to be assessed for the proposed improvement were given notice

of the pendency of the proceeding, the filing of the assessment roll, and the application for confirmation of the assessment.

The filing of the petition to levy a special assessment for the improvement and the serving of notice upon the affected property owners gave the city court jurisdiction of both the subject matter of the proceedings and the parties affected thereby. (*Village of Elmwood Park* v. *Mills & Son,* 311 Ill. 136; *Sumner* v. *Village of Milford,* 214 Ill. 388.) By "jurisdiction" we mean the authority of a court to hear and determine a cause—the authority to decide. (*People ex rel. Raymond* v. *Talmadge,* 194 Ill. 67; *Smith* v. *Herdlicka,* 323 Ill. 585.) The fact, later determined, that the city council did not adhere to the so-called "jurisdictional" requirements necessary for the passage of a valid ordinance, could not and did not operate to deprive the city court of the jurisdiction conferred upon it by law to hear and act in the cause. Hence, it would appear indisputable here that the city court had the power to hear and determine the application of the city to confirm the assessment roll and, having determined the controversy by confirming the roll, its order of confirmation was binding upon all parties unless reversed or set aside by appeal.

It is admitted by the city that the order of confirmation entered by the city court and reversed by us is of no effect with respect to the property owned by those of the appellees who were appellants in the prior case. However, as to those appellees now before us who did not join in the prior appeal, we must hold, for reasons that follow, that the order of confirmation was binding and conclusive as to them and that they cannot now attack that order collaterally by way of objection to the city's application for a certificate of completion.

Section 84-56 of the Local Improvement Act, (Ill. Rev. Stat. 1951, chap. 24, par. 84-56,) provides, in part, as follows: "The judgments of the court shall be final as

to all the issues involved, and the proceedings in the specified cause shall be subject to review by appeal as hereinafter provided, and not otherwise.  *  *  *  Such judgment shall have the effect of several judgments as to each tract or parcel of land assessed, *and no appeal from any such judgment shall invalidate or delay the judgments, except as to the property concerning which the appeal is taken."*  (Emphasis supplied).  We have had occasion to interpret this statutory provision many times.  *Village of Winnetka* v. *Murphy,* 369 Ill. 455, was an appeal from a judgment of confirmation of a special assessment against the property of appellant.  The village moved to dismiss the appeal because appellant had not served other property owner-objectors with notice of appeal, the theory being that all other property-owner objectors were necessary parties to the appeal.  In overruling the motion to dismiss, this court said (p. 457): "Section 56 of the Local Improvement Act, as amended in 1935, (Ill. Rev. Stat. 1937, chap. 24, par. 758,) provides that in special assessment proceedings the 'judgments shall have the effect of several judgments as to each tract or parcel of land assessed, and no appeal from any such judgment shall invalidate or delay the judgments, except as to the property concerning which the appeal is taken.'  A special assessment against land is a judgment *in rem* (*St. John* v. *City of East St. Louis,* 50 Ill. 92; *Gibler* v. *City of Mattoon,* 167 id. 18;) and the reversal of the judgment on appeal benefits only the objectors who were appellants.  (*Harman* v. *People,* 214 Ill. 454; *Goldstein* v. *Village of Milford,* 214 id. 528.)"  Again, in *Sumner* v. *Village of Milford,* 214 Ill. 388, certain property owners, against whose lots a special assessment had been levied, attempted to enjoin the municipality from collecting the assessment for the reason, among others, that one property owner had appealed from the order of confirmation and said order was reversed by this court on the ground that a proper petition for the im-

provement had not been presented to the board of local improvements. It was argued that the reversal of the judgment as to the tract of land owned by one property owner operated to set aside the entire assessment. This court rejected such argument and said, in its opinion, (p. 391): "The argument that the reversal of the judgment as to the tract owned by Gilbert Vennum operated to set aside the tax as to the property of the complainants is met by several decisions of this court. (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Phelps* v. *City of Mattoon,* 177 id. 169; *City of Chicago* v. *Nodeck,* 202 id. 257.) The reversal as to Vennum's property had no effect as to any other piece of property, and, indeed, section 56 of the Local Improvement Act so expressly provides."

From the authorities discussed and from the language of the present statute, it must be concluded, therefore, that the order of confirmation was binding and effective as to those appellees who were not parties to the appeal from that order and that the trial court, in the present phase of the proceeding, erred when it sustained those objections of such appellees to a certificate of completion, which went to the jurisdiction of the court and the validity of the proceedings. The judgment must be reversed for this reason. However, since it appears that the court has not passed upon those objections which raise the question of whether the improvement was constructed substantially in compliance with the ordinance and within the estimates of the cost, the cause is remanded for a determination of those objections.

The judgment of the city court of Mattoon sustaining the objections to a certificate of completion and denying said certificate is reversed, and the cause remanded for proceedings consonant with the views expressed in this opinion.

*Reversed and remanded, with directions.*